ROB BONTA
Attorney General of California
NELI N. PALMA
Senior Assistant Attorney General
NIMROD PITSKER ELIAS
Supervising Deputy Attorney General
MARNIE G. GANOTIS
HILARY BURKE CHAN
SEAN C. MCGUIRE (CA BAR NO. 319521)
Deputy Attorneys General
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9543
Fax: (916) 732-7920
E-mail: Sean.McGuire@doj.ca.gov

*Attorneys for Plaintiff State of California*

JENNIFER DAVENPORT
Attorney General of New Jersey
MAYUR P. SAXENA
Assistant Attorney General
JOSHUA P. BOHN
BRYCE K. HURST
AMANDA I. MOREJON
ESTEFANIA PUGLIESE-SAVILLE
Deputy Attorneys General
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
Telephone: (609) 969-5365
Email: Mayur.Saxena@law.njoag.gov
*Attorneys for the State of New Jersey*

*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., et al.,<br><br>Defendants. | 3:26-cv-07991-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**PURSUANT TO STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA** |

On October 19, 2026, the Court ordered the Parties to submit a Joint Case Management Statement that addresses the topics listed in the Standing Order for All Judges of the Northern District of California (rev. Nov. 30, 2023). *See* ECF 68. In accordance with that order, the Parties submit the following Joint Case Management Statement:

1. Jurisdiction and Service: Plaintiffs assert jurisdiction under 28 U.S.C. § 1331 (an action arising under the laws of the United States) and the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 702, 704 (APA), and that venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1) because Defendants are United States officers or agencies acting in their official capacities and a substantial part of the events or omissions giving rise to the claims asserted occurred in this district and it is the home state of Plaintiff State of California. Defendants reserve the right to contest jurisdiction and venue.

2. Facts: Congress passed the Affordable Care Act (ACA) in 2010. The ACA creates health insurance marketplaces in each state, where consumers may compare, shop for, and purchase health insurance plans offered by private insurers. This case concerns the regulations that govern those exchanges and those plans. Defendants, the U.S. Department of Health and Human Services (HHS) and one of its sub-agencies, the Centers for Medicare & Medicaid Services (CMS), along with their respective heads, Secretary Robert F. Kennedy, Jr., and Administrator Mehmet Oz, are responsible for implementing the ACA and issuing regulations that govern its operation nationwide. The Complaint in this case, ECF 1, challenges Defendants' promulgation of the regulation titled *Notice of Benefit and Payment Parameters for 2027; and Basic Health Program*, 91 Fed. Reg. 29,526 (May 20, 2026) (hereafter the Rule), as unlawful under the APA in two respects. First, Plaintiffs allege that five of the Rule's provisions, as explained further below, are arbitrary and capricious agency action in violation of the APA (Count I). Second, Plaintiffs allege that three of those provisions are also contrary to law (Count II).

Plaintiffs argue the Rule makes several changes that violate the Affordable Care Act. Three of the changes are similar to provisions Defendants promulgated in a prior rulemaking in 2025. These three provisions are the 75% verification requirement for the special enrollment

period; the two data-matching issue provisions; and the shortening of the failure-to-reconcile period. In addition, Plaintiffs challenge two additional provisions that are new in this year's Rule: the expansion of eligibility for enrollment in so-called "catastrophic plans," and the increase in the maximum out-of-pocket (MOOP) cost-sharing limit applicable to bronze and catastrophic plans that Plaintiffs argue are beyond the statutory limit set by the ACA.

On July 31, 2026, Plaintiffs the State of California, State of New Jersey, State of Arizona, State of Colorado, State of Connecticut, State of Delaware, State of Illinois, State of Maine, State of Maryland, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Mexico, State of New York, State of Oregon, Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania, State of Rhode Island, State of Vermont, Commonwealth of Virginia, State of Washington, and State of Wisconsin (Plaintiff States) filed this suit challenging the Rule under the APA.

3. Legal Issues: Plaintiff States filed a two-count Complaint challenging five provisions of the Rule under the APA. *See* ECF 1 at ¶¶ 109-21. As this Court authorized in the Scheduling Order, Plaintiffs intend to file a motion for summary judgment on both counts on November 18, 2026. *See* ECF 68. As to Count I, the legal issues Plaintiffs intend to place before the Court are whether the following provisions of the Rule are arbitrary and capricious and should be vacated under Section 706(2)(A) of the APA:

- The Rule's revisions to 45 C.F.R. § 155.420(g), requiring that States utilizing the federal exchange conduct pre-enrollment eligibility verification for at least 75% of special enrollment period enrollees, across all eligibility types;
- The Rule's revisions to the income verification provisions at 45 C.F.R. § 155.320(c)(3)(iii)(A) and (c)(3)(vi)(C)(2), which include a requirement that ACA exchanges—which allow people to shop for, compare, and purchase insurance plans— generate and resolve a data-matching issue if either existing federal tax data shows a lower income than an enrollee's projected annual household income at or above 100% of the federal poverty level or if there is no federal tax data available;

- The 2026 Rule's revisions to 45 C.F.R. § 155.305(f), including the Rule's revisions to 45 C.F.R. § 155.305(f)(4), pertaining to the failure-to-reconcile policy;
- The Rule's addition of 45 C.F.R. § 155.605(d)(1)(iv), which expands eligibility for catastrophic-plan coverage to anyone whose household income is below 100% or above 250% of the federal poverty level; and
- The Rule's revisions to 45 C.F.R. §§ 156.155(a)(3) and 156.130(a)(2) and addition of 45 C.F.R. § 156.136, which expand the maximum out-of-pocket cost caps applicable to bronze-tier and catastrophic plans.

As to Count II, the legal issues Plaintiffs intend to place before the Court are whether the following provisions of the Rule are contrary to law and should be vacated under Sections 706(2)(A) and (C) of the APA:

- The failure-to-reconcile policy at 45 C.F.R. § 155.305(f), including the Rule's revisions to 45 C.F.R. § 155.305(f)(4);
- The Rule's addition of 45 C.F.R. § 155.605(d)(1)(iv), which expands eligibility for catastrophic plan coverage to anyone whose household income is below 100%, or above 250%, of the federal poverty level; and
- The Rule's revisions to 45 C.F.R. § 156.155(a)(3) and addition of 45 C.F.R. § 156.136, which expand the maximum out-of-pocket cost caps applicable to bronze-tier and catastrophic plans.

4. Motions: Pursuant to the Court's Scheduling Order, the Parties are briefing cross-motions for summary judgment, with all briefing to be completed by February 22, 2027. *See* ECF 68. The Parties currently do not anticipate filing any other motions.

5. Amendment of Pleadings: The Parties do not anticipate amending the pleadings and propose November 18, 2026, as the deadline for doing so.

6. Evidence Preservation: As previously reported, *see* ECF No. 67 ¶ 3, this is an action for administrative review under the APA and is exempt from the conference requirements of Rule 26(f) of the Federal Rules of Civil Procedure. Defendants produced the Administrative Record (AR) on October 1, 2026, pursuant to the Parties' agreement. No discovery is anticipated to be

necessary at this time. While Plaintiffs reserve the right to move to complete or supplement the AR or to seek discovery if they believe the AR is incomplete, no need for such a motion is currently anticipated.

7. Disclosures: As previously reported, *see* ECF No. 67 ¶ 3, this is an action for administrative review under the APA and is exempt from initial disclosures pursuant to Rule 26(a)(1)(b)(i) of the Federal Rules of Civil Procedure.

8. Discovery: As noted above, the AR has been produced and the Parties do not anticipate engaging in discovery. The Parties respectfully submit that a post-discovery conference is not necessary.

9. Class Actions: This action is brought under the APA and is not a class action.

10. Related Cases: The same Rule being challenged in this litigation is also the subject of litigation brought by a separate group of plaintiffs in *City of Columbus v. Kennedy*, No. 26-2215 (D. Md. filed June 3, 2026). In that litigation, the U.S. District Court for the District of Maryland has entered an order preliminarily enjoining and staying the enforcement of several challenged provisions of the Rule, including every provision that Plaintiffs challenge in this case. *See City of Columbus v. Kennedy*, 2026 WL 2058183, 2026 U.S. Dist. LEXIS 157449 (D. Md. July 16, 2026) (memorandum opinion and order granting preliminary injunction and stay). The parties in that action are presently briefing the defendants' Motion for Entry of Judgment under Rule 54(b), which was filed on September 17, 2026. *See City of Columbus*, ECF 38. That motion is fully briefed. *See City of Columbus*, ECF 41 (opposition), 44 (reply). As of October 29, 2026, the court had not yet set an argument date for that motion.

11. Relief: Plaintiffs seek declaratory and injunctive relief and vacatur under the APA. Plaintiffs do not seek damages, which are not available against the federal government in an APA action.

12. Settlement and ADR: The Parties are not engaged in settlement negotiations, and this Court has ordered that this matter "is no longer referred to alternate dispute resolution." *See* ECF 68.

13. Other References: This case is not suitable for referral to binding arbitration, a Special Master, or to the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues: The Parties agree there is no feasible way to narrow the issues in this APA matter.

15. Scheduling: In accordance with the Court's Scheduling Order, *see* ECF 68, the Parties will proceed under the following schedule:

- November 18, 2026: Plaintiffs' Motion for Summary Judgment
- December 21, 2026: Defendants' Cross Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment
- January 21, 2027: Plaintiffs' Reply in Support of their Motion for Summary Judgment and Opposition to Plaintiffs' Cross Motion for Summary Judgment
- February 22, 2027: Defendants' Reply in Support of their Cross Motion for Summary Judgment
- If the matter remains pending, Defendants' Answer to the Complaint will be due sixty (60) days after the entry of the order on the parties' cross-motions for summary judgment.

16. Trial: As this is an action brought under the APA, it will be decided on the AR and without trial. Therefore, it is not necessary to determine the timing for pretrial submissions or trial. The Parties intend to file dispositive motions. The Parties have not conferred regarding an estimated length of trial.

17. Disclosure of Non-party Interested Entities or Persons: The Parties are governmental entities exempt from Civil Local Rule 3-15's ordinary requirement to file a Certification of Interested Entities or Persons.

18. Professional Conduct: Counsel of record for Plaintiff States and for Defendants assert that they have each reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. Such other matters as may facilitate the just, speedy, and inexpensive disposition of this matter: None.

**Dated: October 29, 2026**

**Respectfully submitted,**

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC B. BECKENHAUER
Assistant Director
Federal Programs Branch

/s/ Jordan A. Hulseberg
JORDAN A. HULSEBERG
(DC Bar No. 90033542)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-385

*Counsel for Defendants*

ROB BONTA
Attorney General of California
NELI N. PALMA
Senior Assistant Attorney General
NIMROD PITSKER ELIAS
Supervising Deputy Attorney General
HILARY A. BURKE CHAN
MARNIE G. GANOTIS
Deputy Attorneys General
By:

/s/ Sean C. McGuire
SEAN C. MCGUIRE
Deputy Attorney General

*Attorneys for the State of California*

**JENNIFER DAVENPORT**
**Attorney General**
**State of New Jersey**

By: /s/ Mayur P. Saxena
MAYUR P. SAXENA
Assistant Attorney General
JOSHUA P. BOHN
BRYCE K. HURST
AMANDA I. MOREJON
Deputy Attorneys General
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(609) 969-5365
Mayur.Saxena@law.njoag.gov

*Attorneys for the State of New Jersey*

**KRISTIN K. MAYES**
**Attorney General of Arizona**

By: /s/ Syreeta A. Tyrell
HAYLEIGH S. CRAWFORD
Deputy Solicitor General
SYREETA A. TYRELL
Senior Litigation Counsel
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Hayleigh.Crawford@azag.gov
Syreeta.Tyrell@azag.gov
ACL@azag.gov

*Attorneys for the State of Arizona*

**PHIL WEISER**
**Attorney General of Colorado**

By: */s/ Reed W. Morgan*
DAVID MOSKOWITZ
*Deputy Solicitor General*
REED W. MORGAN
*Assistant Solicitor General*
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov
reed.morgan@coag.gov

*Counsel for the State of Colorado*

**KATHLEEN JENNINGS**
**Attorney General of the State of Delaware**

By: /s/ *Vanessa L. Kassab*
IAN R. LISTON
Director of Impact Litigation
VANESSA L. KASSAB
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for the State of Delaware*

**KWAME RAOUL**
**Attorney General of the State of Illinois**

By: /s/ *Alice L. Riechers*
SARAH J. NORTH
Deputy Chief, Public Interest Division
ALICE L. RIECHERS
Senior Assistant Attorney General, Special Litigation
ELIZABETH SCOTT
Assistant Attorney General, Special Litigation
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
(312) 814-3000
Sarah.North@ilag.gov
Alice.Riechers@ilag.gov
Elizabeth.Scott@ilag.gov

*Attorneys for the State of Illinois*

**ANTHONY G. BROWN**
**Attorney General of Maryland**

By: */s/ Lauren Gorodetsky*
LAUREN GORODETSKY
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-7057
lgorodetsky@oag.maryland.gov

*Counsel for the State of Maryland*

**KEITH ELLISON**
**Attorney General**
**State of Minnesota**

By: */s/ Lindsey E. Middlecamp*
LINDSEY E. MIDDLECAMP
Special Counsel, Rule of Law
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 300-0711
Lindsey.middlecamp@ag.state.mn.us

*Attorneys for the State of Minnesota*

**AARON M. FREY**
**Attorney General**
**State of Maine**

By: */s/ Molly Moynihan*
MOLLY MOYNIHAN
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800
molly.moynihan@maine.gov

*Attorneys for the State of Maine*

**ANDREA JOY CAMPBELL**
**Attorney General of Massachusetts**

By: *_/s/ Sandra Wolitzky_*
SANDRA WOLITZKY
Senior Health Policy Advisor
MICHAEL W. WONG
Assistant Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2030
sandra.wolitzky@mass.gov
michael.w.wong@mass.gov

*Counsel for the Commonwealth of Massachusetts*

**DANA NESSEL**
**Attorney General of Michigan**

By: *_/s/ Neil Giovanatti_*
NEIL GIOVANATTI
*Assistant Attorney General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov

*Counsel for the State of Michigan*

**AARON D. FORD**
Attorney General of Nevada

By: *_/s/ K. Brunetti Ireland_*
K. Brunetti Ireland (Cal. Bar No. 316287)
Chief of Special Litigation
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov

*Counsel for the State of Nevada*

**RAÚL TORREZ**
New Mexico Attorney General

By: *_/s/ Ben Osborn_*
Ben Osborn
Senior Counsel
Impact Litigation Division
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
(505) 917-5588
BOsborn@nmdoj.gov

*Attorneys for the State of New Mexico*

**LETITIA JAMES**
**Attorney General of New York**

By: *_/s/ Arjun Mody_*
Rabia Muqaddam
Chief Counsel for Federal Initiatives
Arjun Mody
Special Counsel
28 Liberty Street
New York, NY 10005
(646) 729-0295
arjun.mody@ag.ny.gov

*Attorneys for the State of New York*

**DAN RAYFIELD**
**Attorney General of Oregon**

By: *_/s/ Scott P. Kennedy_*
SCOTT P. KENNEDY
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel: (971) 453-9050
Fax: (971) 673-5000
Scott.Kennedy@doj.oregon.gov

*Attorneys for the State of Oregon*

**JOSH SHAPIRO,**
**In his official capacity as Governor of the Commonwealth of Pennsylvania**

By: *<u>/s/ Michael J. Fischer</u>*
Jennifer Selber
General Counsel
Michael J. Fischer
Executive Deputy General Counsel
Aimee D. Thomson
Deputy Attorney General
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov

*Counsel for Governor Josh Shapiro*

**PETER F. NERONHA**
**Attorney General of Rhode Island**

By: *<u>/s/ Jordan Broadbent</u>*
Jordan Broadbent
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2060
jbroadbent@riag.ri.gov

*Attorney for the State of Rhode Island*

**CHARITY R. CLARK**
**Attorney General**
**State of Vermont**

By: *<u>/s/ Jonathan T. Rose</u>*
Jonathan T. Rose
Solicitor General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
jonathan.rose@vermont.gov

*Attorneys for the State of Vermont*

**JAY JONES**
**Attorney General of Virginia**

By: *<u>/s/ Megan C. Keenan</u>*
Megan C. Keenan
Deputy Solicitor General
202 North Ninth Street
Richmond, Virginia 23219
(804) 997-5222
mkeenan@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

**NICHOLAS W. BROWN**
**Attorney General of Washington**

By: *<u>/s/ William McGinty</u>*
WILLIAM MCGINTY, WSBA #41868
JULIE C. MORONEY, WSBA #59017
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
william.mcginty@atg.wa.gov
julie.moroney@atg.wa.gov

*Attorneys for the State of Washington*

**JOSHUA L. KAUL**
**Attorney General of the State of Wisconsin**

By: *<u>/s/ Jody J. Schmelzer</u>*
Jody J. Schmelzer
Assistant Attorney General
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707
(608) 266-3094
jody.schmelzer@wisdoj.gov

*Counsel for the State of Wisconsin*